IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

No. 3:21-CV-01585-S
_____

**IN RE: HIGHLAND CAPITAL MANAGEMENT, L.P.,**
Debtors.

**THE CHARITABLE DAF FUND, L.P. AND CLO HOLDCO, LTD.,**
Appellants,

v.

**HIGHLAND CAPITAL MANAGEMENT, L.P.,**
Appellee.

_____

**APPELLANTS' OPPOSED MOTION TO STAY OR ABATE APPEAL**
_____

APPEAL FROM THE UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF TEXAS, CASE NO. 19-34054-sgj11

Mazin A. Sbaiti
Jonathan Bridges
SBAITI & COMPANY PLLC
J.P. Morgan Chase Tower
2200 Ross Avenue, Suite 4900W
Dallas, TX  75201
T: (214) 432-2899
F: (214) 853-4367
MAS@sbaitilaw.com
JEB@sbaitilaw.com

*Counsel for Appellants The Charitable DAF Fund, L.P. and CLO Holdco, Ltd.*

## CORPORATE DISCLOSURE STATEMENT

Appellants are The Charitable DAF Fund, L.P., a limited company formed under the laws of the Cayman Islands, and CLO Holdco, Ltd., a limited company formed under the laws of the Cayman Islands. No public corporation directly or indirectly owns 10% or more of the membership interests in The Charitable DAF Fund, L.P. or CLO Holdco, Ltd.

# INTRODUCTION

This case presents both procedural and substantive issues that explore the boundaries of Fifth Circuit precedent on a bankruptcy court's jurisdiction, the finality of certain bankruptcy orders, and whether Debtor-retained professionals should be entitled to the same protections against suit as bankruptcy trustees. Yet, some of these issues are currently being briefed in the Fifth Circuit in a separate appeal from the bankruptcy court's Plan Confirmation Order, entered in the same bankruptcy proceeding. The order appointing a Debtor-retained professional at issue in this appeal and the Plan Confirmation Order contain similar gate-keeping and injunctive language related to suits against Debtor-retained professionals. Given this overlap, judicial economy and conservation of resources favor abating or staying this appeal until the Fifth Circuit gives guidance on the breadth of a bankruptcy court's power to protect, exculpate, and adjudicate claims against Debtor-retained professionals.

# FACTUAL AND PROCEDURAL BACKGROUND

This appeal arises out of a long and complicated Chapter 11 bankruptcy involving Debtor Highland Capital Management, L.P. ("Highland Capital"). Highland Capital was a global investment adviser registered with the SEC pursuant to the Investment Advisers Act of 1940 and managed billions of dollars of third-party assets. *See generally* ROA.672, 831. As such, Highland Capital owed strict

fiduciary duties both to the funds it managed and to the investors whose investments its managed. The Charitable DAF Fund, L.P. ("the DAF") and CLO Holdco, Ltd. ("CLO Holdco") are two of those investors. *Id.*

In January 2020, as part of the ongoing Chapter 11 proceedings, the bankruptcy court entered an order that approved the appointment of three new independent directors to govern Highland Capital's general partner, Strand Advisors, Inc. ROA.505-10. One of those new independent board members was Mr. Jim Seery. *Id.* Key to this appeal, in July 2020, the bankruptcy court approved Highland Capital's request to appoint Mr. Seery as its new Chief Executive Officer and Chief Restructuring Officer (the "Appointment Order"). ROA.510-42; ROA.543-54. The Appointment Order, like the January predecessor, contained gate-keeper and injunctive provisions that required parties seeking to sue Mr. Seery to first seek the bankruptcy court's determination that the suing party had a viable claim for willful misconduct or gross negligence only. ROA.544-45. And if such a viable claim were determined to exist, the bankruptcy court would have "sole jurisdiction to adjudicate any such claim[.]" *See id*.

Six months later, Highland Capital filed its proposed plan (as an amendment of prior versions) on January 22, 2021. ROA.601-66. Over objections of numerous creditors and parties, the Bankruptcy Court entered its Plan Confirmation Order on February 22, 2021. ROA.667-865. That order also contains exculpatory and

3

injunctive provisions similar to those in the Appointment Order at issue here. ROA.716-22, 740-44, 810-12. Several parties have challenged the Plan Confirmation Order, resulting in a direct appeal to the Fifth Circuit that is currently being briefed on the merits. *See NexPoint Advisors, L.P. et al. v. Highland Capital Management, L.P.*, No. 21-10449 (5th Cir. 2021) [hereafter "*NexPoint Advisors* appeal"].

Meanwhile, the DAF and CLO Holdco became concerned with Highland Capital's management of their investments and decided to sue for breach of fiduciary duties to the DAF and CLO Holdco mandated under the Investment Advisors Act of 1940, among other claims. Because of the seemingly broad and void nature of the gate-keeping, injunctive, and jurisdictional provisions in the bankruptcy court's Appointment Order, the DAF and CLO Holdco proceeded with caution. They first sued Highland Capital in the Northern District of Texas—the court with supervisory authority over the bankruptcy court and from whom the bankruptcy court's jurisdiction derived. ROA.831. The DAF and CLO Holdco then asked the district court for leave (rather than automatically amend their petition, which they had the right to do) to add Mr. Seery to the lawsuit. *Id.*; ROA.866-75. The motion for leave was denied within twenty-four hours of its filing because not all parties had yet been served. ROA.831. Despite this no-harm situation, Highland immediately initiated sanctions proceedings against The DAF and CLO Holdco,

claiming that the mere act of seeking leave to sue Mr. Seery violated the bankruptcy court's Appointment Order. ROA.319-20. The DAF and CLO Holdco defended, asserting that asking for permission to sue did not violate the order, which was extra-jurisdictional and void in any event. The bankruptcy court nevertheless found the DAF and CLO Holdco in contempt, awarding sanctions of $239,655 against them for a motion that was denied within a day of its filing. *See* ROA.381.

While the contempt proceedings were ongoing, The DAF and CLO Holdco also moved the bankruptcy court to modify its Appointment Order, again arguing that the order improperly extended gate-keeping and exculpation protections to Mr. Seery even though he was not a Chapter 11 trustee and expanded the bankruptcy court's jurisdiction over claims where it otherwise had none. ROA.828-75. The bankruptcy court refused to modify its Appointment Order, deeming the order final and finding the DAF and CLO Holdco had not met Rule 60(b)'s requirements for relief from a final judgment. ROA.04-05. The DAF and CLO Holdco timely filed this appeal from the bankruptcy court's order refusing to modify its Appointment Order. ROA.01-03.

## ARGUMENT TO STAY OR ABATE THIS APPEAL

This Court may abate or stay a case as part of its "power . . . to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also*

*United States v. Hernandez-Saenz*, 733 F. App'x 144, 146 (5th Cir. 2018) (noting the court had stayed the case pending a panel decision and then held the appeal in abeyance to await an en banc decision); *Garza v. Potter*, No. H-04-1844, 2005 WL 6456897, at *1 (S.D. Tex. Oct. 17, 2005) (noting the court granted a motion to abate pending the Fifth Circuit's decision in a separate appeal). Among other things, federal courts have broad discretion to stay proceedings to conserve judicial resources and avoid duplicative litigation. *See Landis*, 299 U.S. at 245-55; *Watts v. Schwartz*, No. 08-5095, 2009 WL 1950586, at *4 (E.D. La. July 1, 2009) ("A district court has the inherent power to stay its proceedings."). This is precisely the type of situation that warrants the exercise of this Court's discretion to stay or abate an appeal.

Here, the DAF and CLO Holdco challenge the validity of a bankruptcy court order appointing a Debtor-retained professional (Mr. Seery) as the Debtor's Chief Executive Officer and Chief Restructuring Officer ("Appointment Order"). Mr. Seery is neither a Trustee nor a professional specifically retained by the Trustee. That Appointment Order does several things: (1) it requires parties to first obtain the bankruptcy court's permission before suing Mr. Seery; (2) it enjoins all claims against Mr. Seery except for those involving gross negligence or willful misconduct (thus implicitly exculpating him from all other tortious acts); and (3) it gives the bankruptcy court sole jurisdiction not only to determine the validity of a party's

proposed claims against Mr. Seery, but also to adjudicate those claims even if they would otherwise fall outside of the bankruptcy court's jurisdiction. ROA.531-33. These gate-keeping, injunctive, and jurisdictional provisions in the Appointment Order all served as bases for the DAF's and CLO Holdco's request to modify, which the bankruptcy court refused.

Similar provisions also exist in the Plan Confirmation Order and those provisions have been challenged and accepted for direct appeal by the Fifth Circuit in the *NexPoint Advisors* case. Like the Appointment Order, the Plan Confirmation Order contains broad and sweeping exculpation and injunction provisions that bar and limit claims against several parties, including the Debtor and Mr. Seery, and put the bankruptcy court in a gate-keeping role over any purported claims.[1] ROA.739-44. Appellants in that appeal have already filed their briefs, raising some of the same arguments that the DAF and CLO Holdco would press in this appeal about the propriety of such provisions. And Highland Capital's brief is currently due on October 6, 2021, around the time when the DAF's and CLO Holdco's opening brief would be due in this matter.

---

[1] Notably, the Plan Confirmation Order contains caveated language regarding the bankruptcy court's adjudicatory jurisdiction over claims against Debtor-retained professionals—it has such jurisdiction "only to the extent legally permissible." ROA.743-44. The Appointment Order contains no such caveat—it says the bankruptcy court "shall have *sole jurisdiction to adjudicate any such claim* for which approval of the Court to commence or pursue has been granted." ROA.533.

The Fifth Circuit's resolution of the *NexPoint Advisors* appeal—which challenges very similar gate-keeping and injunctive clauses from the same bankruptcy court in the same bankruptcy proceeding—will shed significant light on the issues that will be raised here. Indeed, the Fifth Circuit's opinion may ultimately narrow or even eliminate issues that would otherwise be raised before this Court.[2] Staying or abating this case until a decision from the Fifth Circuit in the *NexPoint Advisors* appeal will therefore promote judicial economy and conserve resources of both sides. All sides and this Court would benefit from the Fifth Circuit's guidance on the scope of a bankruptcy court's power to gate-keep, enjoin, and determine the propriety of claims against Debtor-retained professionals.

Beyond that, no harm will be done to Highland Capital from an abeyance. Rather, Highland Capital will conserve resources better devoted elsewhere while awaiting guidance from the Fifth Circuit.

## **CONCLUSION**

For the above reasons, the DAF and CLO Holdco request that this Court stay or abate this appeal of the bankruptcy court's Appointment Order until resolution of

---

[2] Aside from the difference in adjudicatory jurisdiction language between the two orders (*see* Footnote 1, *supra*), other issues in this appeal are not presented in the Fifth Circuit matter, including the procedural question of whether the bankruptcy court's Appointment Order was interlocutory. Nevertheless, the Fifth Circuit's guidance on the parameters of a bankruptcy court's power to gate-keep and enjoin claims against bankruptcy professionals will likely shed light on issues raised here.

the *NexPoint Advisors* appeal in the Fifth Circuit. The DAF and CLO Holdco request any and all further relief to which they may be entitled.

Dated: September 22, 2021.

By: */s/ Mazin A. Sbaiti*
Mazin A. Sbaiti
Texas Bar No. 24058096
Jonathan Bridges
Texas Bar No. 24028835
SBAITI & COMPANY PLLC
J.P. Morgan Chase Tower
2200 Ross Avenue, Suite 4900W
Dallas, TX  75201
Telephone: (214) 432-2899
Facsimile: (214) 853-4367
MAS@sbaitilaw.com
JEB@sbaitilaw.com

*Counsel for Appellants*
*The Charitable DAF Fund, L.P.*
*and CLO Holdco, Ltd.*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Bankruptcy Procedure 8015(h), I hereby certify that:

The foregoing motion complies with the word limit of Federal Rules of Bankruptcy Procedure 8013(f)(3)(A), excluding the parts of the motion exempted by the Federal Rule of Bankruptcy Procedure 8015(g) and the accompanying documents exempted by Federal Rule of Bankruptcy Procedure 8013(f)(3), this document contains 1,679 words.

This document complies with the typeface requirements of Federal Rules of Bankruptcy Procedure 8013(f)(2), 8015(a)(5), and 8015(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font.

*/s/ Mazin A. Sbaiti*
Mazin A. Sbaiti

## CERTIFICATE OF CONFERENCE

I certify that on September 14, 2021, I communicated with counsel for Appellee Highland Capital Management, L.P., and they indicated that Appellee is opposed to the relief requested in this motion.

*/s/ Jonathan Bridges*
Jonathan Bridges

## CERTIFICATE OF SERVICE

I certify that on September 22, 2021, I caused a copy of the foregoing document to be served by Electronic Case Filing System for the United States District Court for the Northern District of Texas.

*/s/ Mazin A. Sbaiti*
Mazin A. Sbaiti
