IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

No. 3:21-CV-01585-S

_____

**IN RE: HIGHLAND CAPITAL MANAGEMENT, L.P.,**
Debtors.

**THE CHARITABLE DAF FUND, L.P. AND CLO HOLDCO, LTD.,**
Appellants,

v.

**HIGHLAND CAPITAL MANAGEMENT, L.P.,**
Appellee.

_____

**REPLY IN SUPPORT OF APPELLANTS' MOTION TO
STAY OR ABATE APPEAL**

_____

APPEAL FROM THE UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF TEXAS, CASE NO. 19-34054-sgj11

Mazin A. Sbaiti
Jonathan Bridges
SBAITI & COMPANY PLLC
J.P. Morgan Chase Tower
2200 Ross Avenue, Suite 4900W
Dallas, TX  75201
T: (214) 432-2899
F: (214) 853-4367
MAS@sbaitilaw.com
JEB@sbaitilaw.com

*Counsel for Appellants The Charitable DAF Fund, L.P. and CLO Holdco, Ltd.*

The core issue in this appeal is:

Did the bankruptcy court overstep its statutory and/or constitutional powers by extending to debtor-retained professionals (like Mr. Seery) claim-gate-keeping and quasi-judicial-immunity benefits traditionally reserved for trustees?

The Fifth Circuit is poised to address a similar—potentially dispositive—issue of first impression in another case arising out of the same bankruptcy proceedings—the *Nexpoint Advisors'* appeal. Even Appellee Highland Capital Management, L.P. ("Highland Capital") cannot help but acknowledge this overlap between the two appeals. Highland Capital recognizes that the Fifth Circuit matter involves questions regarding the propriety and scope of the bankruptcy court's gatekeeping powers, authority to release claims, and powers to enjoin claims against a wide array of individuals and entities. Response at 10-11. Those novel questions also present themselves in this appeal.

Highland Capital unsuccessfully tries to draw a retroactive-prospective distinction between the exculpation and injunctive provisions at issue in the two appeals. But in fact, the two bankruptcy court orders at issue read similarly, with the Plan Confirmation Order (at issue in the Fifth Circuit) building off the prior Approval Order (at issue in this Court). Here is some challenged language from the Plan Confirmation Order:

> [N]o Enjoined Party may commence or pursue a claim or cause of action of any kind against any Protected Party that arose or arises from or is related to the Chapter 11 case, the negotiation

> of the Plan, the administration of the Plan or propriety to be distributed under Plan . . . without the Bankruptcy Court (i) first determining, after notice and a hearing, that such claim or cause of action represents a colorable claim of any kind . . . ."

ROA.739-44.[1]

And here is the challenged language from the Approval Order in this case:

> No entity may commence or pursue a claim or cause of action of any kind against Mr. Seery relating in any way to his role as the chief executive officer and chief restructuring officer of the Debtor without the Bankruptcy Court (i) first determining after notice that such claim or cause of action represents a colorable claim of willful misconduct or gross negligence against Mr. Seery, and (ii) specifically authorizing such entity to bring such claim.

Just as the parties in the Fifth Circuit appeal dispute the breadth of the exculpating and injunctive provisions in the Plan Confirmation Order, so too here, Appellants the Charitable DAF Fund, L.P. and CLO Holdco, Ltd. (collectively "DAF/CLO Holdco") challenge the breadth of similar language in the bankruptcy court's earlier Approval Order.

Highland Capital's Response tries to avoid the obvious connection between the merits of the two appeals by first embarking on an ad hominem smear campaign and then emphasizing irrelevant procedural distinctions.

---

[1] "Protected Party" as defined in the Plan Confirmation Order includes a host of individuals and entities, including "the Professionals retained by the Debtor and the Committee in the Chapter 11 case" and the "CEO/CRO [Mr. Seery][.]" App.144.

2

To quickly address the smear campaign Highland Capital employs, most of the Response's Preliminary Statement and Background sections contain bald assertions that DAF and CLO Holdco are simply alter egos of James Dondero and acting as part of a coordinated strategy to negatively impact Highland Capital's bankruptcy proceedings.[2] Tellingly, none of the so-called "evidence" Highland Capital submitted to this Court supports those allegations.

Instead, the evidence shows that DAF/CLO Holdco were created nearly a decade before the bankruptcy proceedings ever commenced, were and have always been separately managed, and boast as beneficiaries notable Dallas charities like The Family Place (serving victims of domestic violence), Friends of the Dallas Police, the Dallas Children's Advocacy Center, and the Cristo Rey Education Initiative, among many others.[3] *See* Reply App. 15-17, 22-24.

The evidence also shows that Mark Patrick (not James Dondero) is a managing director of CLO Holdco and holds all of the limited liability company interests in DAF GP, which has the exclusive and complete discretion in the management and control of the DAF Fund. *See* Reply App. 21-22, 38. As Mr. Patrick

---

[2] DAF/CLO Holdco did not ask for a sixty-day extension for their opening merits brief in this appeal. Instead, DAF/CLO Holdco asked for only thirty days, until and including November 8, 2021.

[3] Even Highland Capital's attorney-created "Summary" of litigation included in its Appendix at Exhibit 17 distinguishes between DAF, CLO Holdco, and Dondero.

3

recently declared under penalty of perjury in a filing outlining the organizational structure of DAF/CLO Holdco to the bankruptcy court, the actions he has taken on behalf of DAF/CLO Holdco are to "protect the DAF's investments, which are the source of millions in charitable contributions the DAF has made over the past decade." *Id.* at 39. Those actions were not "taken under the direction of James Dondero, or to somehow protect a direct or indirect economic benefit Mr. Dondero receives from the DAF[,]" as "Mr. Dondero has no direct or indirect economic ownership in the DAF." *Id.*

Turning, most importantly, to the merits of the Motion, Highland Capital incorrectly tries to paint this appeal as involving mainly procedural issues, while the Fifth Circuit appeal does not.

It is true that this appeal contains procedural questions related to the finality of the Approval Order and whether the bankruptcy court correctly applied Federal Rule of Civil Procedure 60(b) in refusing to modify that order. But such procedural questions are necessarily informed by the nature and propriety of the underlying Approval Order itself. DAF/CLO Holdco have plenty of arguments about why the bankruptcy court got those procedural issues wrong here, including that the order was interlocutory and therefore not entitled to *res judicata* effect. And the fact that this appeal contains procedural issues not presented in the Fifth Circuit does not undercut a stay.

4

Highland Capital also has very little to say in response to the obvious savings in time and effort for all parties involved by waiting for the Fifth Circuit to further develop the law in these areas. For instance, were the Fifth Circuit to hold that the type of injunctive or exculpatory protections given to Mr. Seery in the Plan Confirmation Order were unjustified, that would be highly instructive to this Court, which is being asked nearly the same question and would benefit from the Fifth Circuit's reasoning to avoid duplicative work and potentially inconsistent outcomes.

It appears Highland Capital's implicit urgency here derives from its confidence of success on the merits both in the *NexPoint Advisors'* appeal and here.[4] But of course, the Fifth Circuit granted permission for the parties to appeal to it in *NexPoint Advisors*. And such unwarranted confidence is not enough to mitigate the factors in favor of a stay such as avoiding wasted judicial and party resources or inconsistent rulings. *See ZeniMax Media, Inc. v. Samsung Elecs. Co.*, No. 3:17-CV-1288-D, 2017 U.S. Dist. LEXIS 176598, at *13-14 (N.D. Tex. 2017) ("After balancing the competing interests, and taking into consideration the court's interest in promoting judicial economy and avoiding unnecessary duplication of efforts and inconsistent rulings, the court, in its discretion, grants the motion to stay.").

---

[4] Highland Capital sprinkles discussion of the merits of this appeal in its Response, but that discussion is wrong, as will be further explained in DAF/CLO Holdco's briefing. A quick example—Highland Capital says the exculpation clause in the Approval Order is "customary," but cites absolutely no authority to support that statement. *See* Response at 5.

For the reasons stated in the Motion and in this Reply, this Court should abate this appeal. *See id.*; *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *Mulvey v. Vertafore, Inc.*, No. 3:21-CV-00213-E, 2021 U.S. Dist. LEXIS 174872, at *3 (N.D. Tex. 2021) (staying action justified to avoid inconsistent rulings and preserve judicial and party resources).

## **CONCLUSION**

DAF/CLO Holdco request that this Court stay or abate this appeal. DAF/CLO Holdco request any and all further relief to which they may be entitled.

Dated: October 5, 2021                             Respectfully submitted,

**SBAITI & COMPANY PLLC**

*/s/ Mazin A. Sbaiti*
**Mazin A. Sbaiti**
Texas Bar No. 24058096
**Jonathan Bridges**
Texas Bar No. 24028835
JPMorgan Chase Tower
2200 Ross Avenue – Suite 4900W
Dallas, TX 75201
T: (214) 432-2899
F: (214) 853-4367
E: mas@sbaitilaw.com
    jeb@sbaitilaw.com

*Counsel for Appellants The Charitable DAF Fund, L.P. and CLO Holdco, Ltd.*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Bankruptcy Procedure 8015(h), I hereby certify that:

The foregoing motion complies with the word limit of Federal Rules of Bankruptcy Procedure 8013(f)(3)(A), excluding the parts of the motion exempted by the Federal Rule of Bankruptcy Procedure 8015(g) and the accompanying documents exempted by Federal Rule of Bankruptcy Procedure 8013(f)(3), this document contains words.

This document complies with the typeface requirements of Federal Rules of Bankruptcy Procedure 8013(f)(2), 8015(a)(5), and 8015(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font.

*/s/ Mazin A. Sbaiti*
Mazin A. Sbaiti

## **CERTIFICATE OF SERVICE**

I certify that on October 5, 2021, I caused a copy of the foregoing document to be served by Electronic Case Filing System for the United States District Court for the Northern District of Texas.

*/s/ Mazin A. Sbaiti*
Mazin A. Sbaiti