IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

No. 3:21-CV-01585-S
_____

**IN RE: HIGHLAND CAPITAL MANAGEMENT, L.P., DEBTOR.**

**THE CHARITABLE DAF FUND, L.P. AND CLO HOLDCO, LTD., APPELLANTS**

v.

**HIGHLAND CAPITAL MANAGEMENT, L.P., APPELLEE.**
_____

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
BANKRUPTCY CASE NO. 19-34054 (SGJ)
_____

**APPELLANTS' RESPONSE TO
APPELLEE'S MOTION FOR SUMMARY AFFIRMANCE**
_____

Mazin A. Sbaiti
Jonathan Bridges
SBAITI & COMPANY PLLC
2200 Ross Avenue, Suite 4900W
Dallas, TX  75201
T: (214) 432-2899
F: (214) 853-4367
MAS@sbaitilaw.com
JEB@sbaitilaw.com

*Counsel for Appellants
The Charitable DAF Fund, L.P.
and CLO Holdco, Ltd.*

# APPELLANTS' OBJECTION AND RESPONSE TO APPELLEE'S MOTION FOR SUMMARY AFFIRMANCE

Appellants the Charitable DAF Fund, L.P. and CLO Holdco, Ltd. respectfully submit this objection and response to Appellee Highland Capital Management, L.P.'s Motion for Summary Affirmance [Doc. 23]. Appellee's motion explains neither why this case meets the Fifth Circuit's standard for summary affirmance nor how this Court can or should rule on a motion in a case that is administratively closed without first reopening it. The motion should be denied.

## I.   Appellee's Motion Is Premature

Appellants object that Appellee has filed a motion in an administratively closed case. Adding to the awkwardness of this posture, Appellee's counsel insisted on the short, seven-day response period applicable to motions in bankruptcy appeals, without extension, while simultaneously declaring themselves unavailable to confer regarding Appellees' motion seeking to reopen the case. Thus, Appellants are concurrently filing this response and a motion to reopen the case. Until the case is reopened, Appellants respectfully submit that Appellee's motion is premature and can be denied on that basis alone.

## II.   Summary Affirmance Is Unavailable

Summary affirmance is only appropriate for cases in which the parties concede that the issues are foreclosed by circuit precedent. *See United States v.*

1

*Houston*, 625 F.3d 871, 873 n.2 (5th Cir. 2010) (noting the denial of summary affirmance where an issue was not foreclosed). Here, no such agreement is to be found.

    Contrary to Highland's misrepresentations, the Fifth Circuit held that:

> As it stands, the Plan's exculpation provision extends to Highland Capital and its employees and CEO; Strand; the Reorganized Debtor and HCMLP GP LLC; the Independent Directors; the Committee and its members; the Claimant Trust, its trustee, and the members of its Oversight Board; the Litigation Sub-Trust and its trustee; professionals retained by the Highland Capital and the Committee in this case; and all "Related Persons." Consistent with § 524(e), we strike all exculpated parties from the Plan except Highland Capital, the Committee and its members, and the Independent Directors.

*NexPoint Advisors, L.P. v. Highland Capital Mgmt., L.P. (In re Highland Capital Management, L.P.),* No. 21-10449, 2022 WL 3571094, at *25 (attached as Exhibit C to the Motion). Expressly included among the non-debtor parties stricken from the exculpation provision were the "employees and CEO" of Highland Capital. *Id*. The Fifth Circuit further held that because non-debtor parties were removed from the exculpation provisions, they were likewise not subject to the injunction or its gatekeeping provisions, and hence it was unnecessary to resolve challenges to those provisions as to such parties. *Id*. at *13 ("Appellants' primary contention—that the Plan's injunction 'is broad' by releasing non-debtors in violation of § 524(e)—is resolved by our striking the impermissibly exculpated parties.").

Highland's attempt to separate the injunction from the gatekeeping orders is not only artificial (as they exist in the same provision of the Plan and it is the gatekeeping provisions standard that, at least in part, exculpates liability), the Fifth Circuit rejected it. The Court's discussion of the Barton Doctrine recognizes that it is limited to the debtor-in-possession, trustees, and independent directors. *Id.*, at *13. Because the Debtor's CEO James Seery might be sued for his conduct as an executive officer running the day-to-day operations of the Debtor, rather than for conduct within his duties as an Independent Director, the Barton Doctrine would not be properly applied to him in such circumstances. (Although the Debtor asserted that Seery is entitled to protection as an Independent Director, none of Seery's alleged wrongful acts were within the scope of his appointed role as a director, and once Seery became an executive officer of Highland, he was no longer an "independent" director, even if he retained his "director" status in general.).[1]

---

[1] While the Fifth Circuit rejected vagueness and over-breadth challenges to the Barton Doctrine as applied to a debtor-in-possession or the trustees or Independent Directors within the scope of their appointed duties, it found no need to address such challenges to the doctrine if it were expanded beyond such persons and entities. 2022 WL 3571094, at *13. Furthermore, its discussion of equitable mootness and other doctrines supports the notion that courts cannot expand their authority beyond or contrary to statutory provisions. *See id.*, at *5-7 (noting criticism of equitable mootness doctrine as atextual, rejecting argument that addressing the exculpation issues would have an adverse effect on officers and employees, and noting that the goal of finality does not outweigh the court's obligation to protect the integrity of the process, which is implicated by a broad non-debtor release from liability; discussing limitations on discharge of non-debtor liability in 11 U.S.C. § 524(e) and the lack of authority to expand exculpation contrary to such provision). In this case, Appellants specifically challenge the expansion of the Barton Doctrine not merely on the grounds of overbreadth but on the further grounds of lack of judicial authority to invent such non-statutory restrictions, separation of powers concerns, and other grounds not before the Fifth Circuit in its recent case. To the extent the Fifth Circuit's opinion bears upon such issues here, it

3

The Fifth Circuit recognized that 28 U.S.C. § 959(a) might exclude from any gatekeeping protections claims involving "acts or transactions in carrying on business connected with" the property of the debtor post-bankruptcy but left that question to be addressed by the bankruptcy and district courts in the first instance. 2022 WL 3571094, at *13 n. 18. That issue was indeed placed before the bankruptcy court in the appealed motion and is now before this Court.

True, the Fifth Circuit expressly declined to rule on the validity of the two earlier gatekeeping orders at issue in this case (the "appointment orders"). *Id.*, at *12 n. 15. But it did so in the context of rejecting the Debtor's argument that *res judicata* as to the appointment orders supported the argument that the final order's unlawful exculpation language should nonetheless survive. And it did so because it *lacked jurisdiction* to consider orders not before it on appeal—not because *res judicata* barred *any other court, before whom the appointment orders were properly raised,* from considering them. *Id*.

Therefore, the Fifth Circuit's holding is in accord with the relief sought by this appeal. It confirms the correctness of Appellants' arguments below that the bankruptcy court lacked authority to exculpate non-debtor parties, such as Seery in

---

is supportive of the underlying principles of those challenges and does not in any way endorse the Barton Doctrine beyond the scope of the limited issues and arguments before it.

4

his executive capacity, and that that the bankruptcy court likewise lacked authority to extend gatekeeping orders to such non-exculpable persons.

In the present case, however, those same earlier orders are not *res judicata* as to the parties and claims in this case because neither of the parties were before the bankruptcy court at the time that the Seery appointment orders were made in January and July of 2020. Not only that, but it would be an absurdity for the Fifth Circuit's ruling on the final injunction orders to remove the "unlawful" exculpation and protections of Mr. Seery in his executive capacity, only to have the prior appointment orders continue that same protection under a bastardized precept of *res judicata*. Such an outcome would render the Fifth Circuit's opinion purely salutary, if not advisory. As is typically the case, the appointment orders should be deemed to have been merged into the final injunction and, therefore, deemed to have been amended by the Fifth Circuit's opinion striking them down in part. *See Mahogany v. Rogers*, 293 Fed. App'x 259, 260 (5th Cir. 2008) (applying the final judgment appealability rule to an interlocutory order and determining that the "interlocutory order merged into the district court's final judgment and became reviewable in [the] appeal of the final judgment.").

Either the appointment orders were final orders (as Highland contends), in which case, as argued by Appellants below, the motion that is before this Court was a proper Rule 60(b) or (d) motion; or else the prior orders were interim orders that

5

merged into the final. In either instance, the challenge below was authorized by rule and not an impermissible collateral attack. With such a challenge properly before the Court here, summary affirmance is far from appropriate. The reasoning of the Fifth Circuit as to the final exculpation and injunction provisions applies equally to the earlier exculpation and gatekeeping provisions—at issue here—which used nearly identical language to the same ends. And this Court is under no procedural disability to consider it. *Cf. Mitchell Law Firm, L.P. v. Bessie Jeanne Worthy Revocable Tr.*, 8 F.4th 417, 421 (5th Cir. 2021) ("[T]he whole point of new-trial motions, Rule 60(b) motions, and appeals is to undo the first judgment in ways that collateral attacks cannot.").

### III. Conclusion

For these reasons, summary affirmance is improper. Highland's attempt to declare victory based on its "reading" of the Fifth Circuit's opinion, before the case is even reopened, should fail. The issues are more nuanced and complex than the reductionism presented by the Appellee, and Appellants submit that the Court would benefit from full briefing on the merits.

Dated: October 4, 2022

Respectfully submitted,

**SBAITI & COMPANY PLLC**

<u>*/s/ Jonathan Bridges*</u>
Mazin A. Sbaiti
Texas Bar No. 24058096
Jonathan Bridges
Texas Bar No. 24028835
2200 Ross Avenue – Suite 4900W
Dallas, TX  75201
T:  (214) 432-2899
F:  (214) 853-4367
E:  mas@sbaitilaw.com
     jeb@sbaitilaw.com

*Counsel for Appellants*
*The Charitable DAF Fund, L.P.*
*and CLO Holdco, Ltd.*

7

**CERTIFICATE OF COMPLIANCE**

1.  This document complies with the word limit of Fed. R. Bankr. P. 8013(f)(3)(A) because, excluding the portions excluded by Fed. R. Bankr. P. 8015(g), this document contains 1,509 words.

2.  This document complies with the typeface requirements of Fed. R. Bankr. P. 8015(a)(5) and the type-style requirements of Fed. R. Bankr. P. 8015(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2208, typeface Times New Roman, 14-point type (12-point for footnotes).

*/s/ Jonathan Bridges*
Jonathan Bridges

**CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2022, the foregoing Objection and Response to Appellee's Motion for Affirmance was electronically filed using the Court's CM/ECF system and that service will be accomplished via CM/ECF.

*/s/ Jonathan Bridges*
Jonathan Bridges