No. 3:21-cv-01585-S

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

In the Matter of: Highland Capital Management, L.P.,

Debtor.

THE CHARITABLE DAF FUND L.P. and CLO HOLDCO LTD.,
APPELLANTS

v.

HIGHLAND CAPITAL MANAGEMENT, L.P.,
APPELLEE.

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF TEXAS
BANKRUPTCY CASE NO. 19-34054 (SGJ)

## APPELLEE'S OPPOSITION TO APPELLANTS' MOTION TO REOPEN AND FOR A BRIEFING SCHEDULE

| | |
|---|---|
| **PACHULSKI STANG ZIEHL & JONES LLP** | **HAYWARD PLLC** |
| Jeffrey N. Pomerantz | Melissa S. Hayward |
| John A. Morris | Zachery Z. Annable |
| Gregory V. Demo | 10501 N. Central Expy, Suite 106 |
| Hayley R. Winograd | Dallas, TX 75231 |
| 10100 Santa Monica Blvd., 13th Floor | (972) 755-7100 |
| Los Angeles, CA 90067 | |
| (310) 277-6910 | *Counsel for Appellee* |

Appellee Highland Capital Management, L.P., submits this opposition to the motion to reopen this appeal and to establish a schedule for full merits briefing filed by Appellants The Charitable DAF Fund, L.P. and CLO Holdco, Ltd. (Docket No. 25).

All but the final sentence of Appellants' motion simply repeats the mischaracterizations of the Fifth Circuit's Confirmation Opinion—and evasions of that decision's dispositive effect on this appeal—that also infect Appellants' Response to Highland's motion for summary affirmance (Docket No. 24). It thus suffices to say that Highland disagrees with Appellants for the reasons described in Highland's reply brief in support of summary affirmance filed contemporaneously herewith.

Highland is constrained to add that Appellants' reopening-and-schedule motion, much like its summary-affirmance response, fails to acknowledge that, on September 28, 2022, Judge Starr rejected Appellants' arguments and held that the Confirmation Order precludes the same collateral attacks on a final bankruptcy court order that Appellants are also pursing in this appeal. *See Memorandum Opinion and Order, The Charitable DAF Fund LP v. Highland Capital Management LP*, No. 3:21-cv-01974-X, Docket No. 49 (Sept. 28, 2022).

As far as the two forms of relief that Appellants actually seek in their motion—"that the appeal be reopened and a briefing schedule for this appeal be set"

(Mot. ¶ 9)—neither is necessary or warranted. On October 6, 2021, the Court entered an Order abating and administratively closing this case "pending the resolution of" the confirmation appeal. Docket No. 21 (the "Abatement Order"). The Abatement Order's termination upon resolution of the confirmation appeal was "without prejudice to [this appeal] being reopened upon a motion by any party or to enter a judgment," but no such motion or reopening occurred before the Fifth Circuit's entry of its Confirmation opinion.

In a separate Order also entered on October 6, 2021, the Court required Appellants to "file their opening merits brief in this appeal *within 14 days of the Fifth Circuit's disposition of the [confirmation] appeal*." Docket No. 19 (the "Briefing Order") (emphasis added). Accordingly, this appeal's abatement and administrative closure terminated *of its own force* when the Fifth Circuit entered the Confirmation Opinion on September 7, 2022, and Appellants' opening brief was due 14 days later, on September 21, 2022.

Because this Court's Abatement Order already provided for the reopening of this appeal upon the Fifth Circuit's Confirmation Opinion, Appellants' request to reopen it now should be denied as moot. To the extent that Appellants merely mean to request that the Clerk be directed to update the docket to reflect that reopening, Highland has no objection to that.

Because Appellants had (and missed) a September 21, 2022 deadline to file an opening merits brief, there is no good cause to establish a new briefing schedule now. On September 26, 2022, Highland filed a motion for summary affirmance. Docket No. 23. Appellants responded in opposition to that motion on October 4. And Highland has filed its reply brief in support of summary affirmance today. This Court should stay Appellants' request for a new briefing deadline pending its resolution of the fully briefed motion for summary affirmance.

## CONCLUSION

For the foregoing reasons, Highland respectfully requests that the Court deny as moot Appellants' motion to reopen this appeal and stay Appellants' request to establish a briefing schedule pending the Court's disposition of Highland's motion for summary affirmance.

Dated: October 11, 2022

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No.143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910
Fax: (310) 201-0760

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward (TX Bar No. 24044908)
MHayward@HaywardFirm.com
Zachery Z. Annable (TX Bar No. 24053075)
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Suite 106
Dallas, TX 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Appellee*

## CERTIFICATE OF COMPLIANCE

1.      This document complies with the word limit of Fed. R. Bankr. P. 8013(f)(3)(C) because, excluding the portions excluded by Fed. R. Bankr. P. 8015(g), this document contains 556 words.

2.      This document complies with the typeface requirements of Fed. R. Bankr. P. 8015(a)(5) and the type-style requirements of Fed. R. Bankr. P. 8015(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word, typeface Times New Roman, 14-point type (12-point for footnotes).

>                               */s/ Zachery Z. Annable*
>                               Attorney for Appellee
>                               Dated: October 11, 2022


## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2022, the foregoing document was electronically filed using the Court's CM/ECF system. I further certify that all participants in this case are registered CM/ECF users and that service will be accomplished via CM/ECF.

>                               */s/ Zachery Z. Annable*
>                               Attorney for Appellee