IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

―――――――――――――――――――――――――――――――――――

No. 3:21-CV-01585-S
―――――――――――――――――――――――――――――――――――

**IN RE: HIGHLAND CAPITAL MANAGEMENT, L.P., DEBTOR.**

**THE CHARITABLE DAF FUND, L.P. AND CLO HOLDCO, LTD., APPELLANTS,**

v.

**HIGHLAND CAPITAL MANAGEMENT, L.P., APPELLEE.**
―――――――――――――――――――――――――――――――――――

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
BANKRUPTCY CASE NO. 19-34054 (SGJ)
―――――――――――――――――――――――――――――――――――

**APPELLANTS' MOTION FOR EXTENSION OF TIME
TO FILE OPENING BRIEF**

Mazin A. Sbaiti
Jonathan Bridges
SBAITI & COMPANY PLLC
2200 Ross Avenue, Suite 4900W
Dallas, TX  75201
T: (214) 432-2899
F: (214) 853-4367
MAS@sbaitilaw.com
JEB@sbaitilaw.com

*Counsel for Appellants
The Charitable DAF Fund, L.P.
and CLO Holdco, Ltd.*

## MOTION FOR EXTENSION OF TIME TO FILE OPENING BRIEF

Appellants The Charitable DAF Fund, L.P. and CLO Holdco, Ltd. submit this Motion seeking additional time—seven days from the Court's ruling on this Motion—in which to file their opening brief in this appeal. They seek the additional time in the interests of justice and not for purposes of delay. In support, they submit as follows:

### I.

### BACKGROUND

1. On September 22, 2021, Appellants filed an Opposed Motion to Stay [Doc. 10], asking this Court to stay or abate this appeal until such time as the Fifth Circuit Court of Appeals rules on confirmation of the reorganization plan in the underlying bankruptcy.

2. On September 29, 2021, Appellants filed a related Partially Opposed Motion for Extension of Time to File Appellants' Opening Brief [Doc. 13], seeking the benefit of the Fifth Circuit's ruling on confirmation before briefing the appeal.

3. On October 6, 2021, this Court granted the stay motion, abated the case, and administratively closed the appeal ("Stay Order") [Doc. 21].

4. In a separate electronic order that same day, October 6, 2021, this Court granted the motion for extension of time ("Extension Order") [Doc. 19].

5. In that electronic order, the Court instructed, "Appellants shall file their opening merits brief in this appeal within 14 days of the Fifth Circuit's disposition of the appeal styled *NexPoint Advisors, L.P. et al. v. Highland Capital Management, L.P.*, No. 21-10449 (5th Cir. 2021)." *Id.*

6. Appellants' counsel noted (and welcomed) the relief provided in the Stay Order but inadvertently failed to take note of or calendar the springing deadline in the Extension Order.

7. On August 19, 2022, the Fifth Circuit issued its initial opinion in that appeal. *NexPoint Advisors, L.P. v. Highland Capital Mgmt., L.P., (In Re Highland Capital Mgmt., L.P.),* No. 21-10449, 2022 U.S. App. LEXIS 23237 (5th Cir. Aug. 19, 2022).

8. On September 7, 2022, the Fifth Circuit withdrew that opinion, on rehearing, and issued an amended opinion. *NexPoint Advisors, L.P. v. Highland Capital Mgmt., L.P.* (In re Highland Capital Mgmt., L.P.), No. 21-10449, 2022 U.S. App. LEXIS 25107 (5th Cir. Sept. 7, 2022).

9. The mandate issued on September 12, 2022.

10. Appellee filed a Motion for Summary Affirmance on September 26, 2022. [Doc. 23]

11. Appellants responded [Doc. 24] and filed their Motion to Reopen Administratively Closed Appeal on October 5, 2022 [Doc. 25], therein requesting a briefing schedule.

12. Appellee responded on October 11, 2022 [Doc. 27], bringing to Appellants' attention the springing deadline in the Extension Order and Appellants' failure to meet it.

## II.

## ARGUMENT

13. Appellants ask this Court to extend their time to file their opening brief. They respectfully submit that their failure to meet the deadline set by the Extension Order is the result of excusable neglect rather than bad faith. This Court has broad discretion to grant this relief, and Appellants respectfully submit that discretion should be exercised in favor of resolving this appeal on its merits rather than via procedural default. *Cf. Foman v. Davis*, 371 U.S. 178, 181–82 (1962) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome . . . ." (citation omitted); *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 316 (1988) (citing *Foman* for the proposition that non-jurisdictional, procedural technicalities "should not stand in the way of consideration of a case on its merits") (superseded by statute on other grounds); *Banco Cont'l v. Curtiss Nat'l Bank*, 406 F.2d 510, 514 (5th Cir. 1969)

("The purpose of the Federal Rules of Civil Procedure is to allow a plaintiff the opportunity to have his case adjudicated on the actual facts and not to be precluded by strict procedural technicalities.").

14. Within the Fifth Circuit, "once a time limit has run, it may be extended only upon a party's motion and only if the court finds that 'the party failed to act because of excusable neglect.'" *L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 524 (5th Cir. 2021) (quoting Fed. R. Civ. P. 6(b)(1)(B)). "Excusable neglect is an equitable concept that considers 'all relevant circumstances' surrounding [a] failure to act." *Cohen v. Bd. of Trs. of the Univ. of the D.C.*, 819 F.3d 476, 479 (D.C. Cir. 2016) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

15. Generally, "[e]xcusable neglect encompasses 'late filings that were due to mistake, inadvertence or carelessness and not to bad faith.'" *Mattress Giant Corp. v. Motor Advert. & Design, Inc.*, No. 3:07-CV-1728, 2008 U.S. Dist. LEXIS 26486, at *5 (N.D. Tex. Mar. 31, 2008) (Fitzwater, J.) (brackets and citation omitted).

16. "[A] number of factors [are] relevant to the determination of 'excusable neglect': (1) 'the possibility of prejudice to the other parties,' (2) 'the length of the applicant's delay and its impact on the proceeding,' (3) 'the reason for the delay and whether it was within the control of the movant,' and (4) 'whether the

movant has acted in good faith.'" *Salts v. Epps*, 676 F.3d 468, 474 (5th Cir. 2012) (citation omitted). "A leading treatise on civil procedure notes that 'the district judge enjoys broad discretion to grant or deny an extension,' and the 'excusable neglect' standard is 'intended and has proven to be quite elastic in its application.'" *Id.* (citation omitted).

17. Appellants submit that their failure was due to inadvertence, not bad faith, and that the factors weigh in favor of allowing the filing of their opening brief out of time.

18. Regarding the first factor, prejudice to Appellee, Appellants submit that there is none.

19. Appellants submit that the second factor, the length of delay, likewise favors granting additional time. The deadline passed approximately three weeks ago, and Appellants request only an additional seven days.

20. The third factor, the reason for delay, is counsel's inadvertent error. Appellants submit that their mistake—overlooking a springing deadline created by an order issued a year earlier—is precisely the sort of error the excusable neglect standard contemplates.

21. Appellants submit that the fourth factor, the movants' good faith, also weighs in favor of granting the extension. That Appellants were merely mistaken is evidenced by their October 5th motion [Doc. 25] requesting a briefing schedule.

Certainly, there was no advantage to gain by blowing a deadline or any other reason to suspect an ill motive.

22. Appellants respectfully submit that the general rule—that "mistake, inadvertence or carelessness" constitutes excusable neglect—should govern here. *Mattress Giant Corp. v. Motor Advert. & Design, Inc.*, 2008 U.S. Dist. LEXIS 26486, at *5.

## III.

## CONCLUSION

23. For all these reasons, Appellants ask the Court to grant this Motion, allow them to file their opening brief out of time, and give them seven days following the Court's order on this Motion in which to do so.

Dated: October 18, 2022                    Respectfully submitted,

                                                 **SBAITI & COMPANY PLLC**

                                                 */s/ Jonathan Bridges*
                                                 Mazin A. Sbaiti
                                                 Texas Bar No. 24058096
                                                 Jonathan Bridges
                                                 Texas Bar No. 24028835
                                                 2200 Ross Avenue – Suite 4900W
                                                 Dallas, TX  75201
                                                 T:  (214) 432-2899
                                                 F:  (214) 853-4367
                                                 E:  mas@sbaitilaw.com
                                                        jeb@sbaitilaw.com

                                               *Counsel for Appellants*
                                               *The Charitable DAF Fund, L.P.*
                                               *and CLO Holdco, Ltd*

## **CERTIFICATE OF CONFERENCE**

I hereby certify that on October 17 and 18, 2022, counsel for Appellants conferred with counsel for Appellee, who oppose Appellants' Motion for Extension of Time to File Opening Brief.

                                                               */s/ Jonathan Bridges*
                                                               Jonathan Bridges

# CERTIFICATE OF COMPLIANCE

1.    This document complies with the word limit of Fed. R. Bankr. P. 8013(f)(3)(A) because, excluding the portions excluded by Fed. R. Bankr. P. 8015(g), this document contains 1,138 words.

2.    This document complies with the typeface requirements of Fed. R. Bankr. P. 8015(a)(5) and the type-style requirements of Fed. R. Bankr. P. 8015(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2208, typeface Times New Roman, 14-point type (12-point for footnotes).

*/s/ Jonathan Bridges*
Jonathan Bridges

# CERTIFICATE OF SERVICE

I certify that on October 18, 2022, I caused a copy of the foregoing document to be served by Electronic Case Filing System for the United States District Court for the Northern District of Texas.

*/s/ Jonathan Bridges*
Jonathan Bridges