No. 3:21-cv-01585-S

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

In the Matter of: Highland Capital Management, L.P.,

Debtor.

THE CHARITABLE DAF FUND L.P. and CLO HOLDCO LTD.,
APPELLANTS

v.

HIGHLAND CAPITAL MANAGEMENT, L.P.,
APPELLEE.

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF TEXAS
BANKRUPTCY CASE NO. 19-34054 (SGJ)

### APPELLEE'S OPPOSITION TO APPELLANTS' MOTION
### FOR EXTENSION OF TIME TO FILE OPENING BRIEF

**PACHULSKI STANG ZIEHL & JONES LLP**
Jeffrey N. Pomerantz
John A. Morris
Gregory V. Demo
Hayley R. Winograd
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
(310) 277-6910

**HAYWARD PLLC**
Melissa S. Hayward
Zachery Z. Annable
10501 N. Central Expy, Suite 106
Dallas, TX 75231
(972) 755-7100

*Counsel for Appellee*

DOCS_NY:46631.5 36027/003

Appellee Highland Capital Management, L.P., submits this opposition to the motion for an extension of time to file opening brief filed by Appellants, The Charitable DAF Fund, L.P. and CLO Holdco, Ltd. (ECF No. 29).

## PRELIMINARY STATEMENT

A year ago, Appellants asked this Court both to stay this appeal pending the Fifth Circuit's confirmation appeal and to extend their time to file their opening brief. ECF Nos. 10, 13. The Court granted both requests. ECF Nos. 19, 21. It abated and ordered Appellants to file their opening brief within fourteen days of the Fifth Circuit's disposition of the appeal of Appellee's confirmation order. ECF No. 19.

There is no dispute that (a) the Fifth Circuit issued its final decision on September 9, 2022; (b) Appellants' deadline for filing its opening brief was therefore September 23, 2022; and (c) Appellants missed the deadline.[1] In their motion filed on October 18, 2022, Appellants ask the Court to fix their error by extending the already-missed deadline to some undetermined date on the ground that their failure to comply with it was purportedly the result of "excusable neglect." The Court should deny the motion as moot or, alternatively, on the merits.

---

[1] In fact, the Fifth Circuit issued its initial decision on August 19, 2022 (Motion ¶ 7) such that the 14-day period in which Appellants were required to file their opening brief arguably expired on September 2, 2022. Although certain appellants petitioned for rehearing that day (5th Cir. Case No. 21-10449, Document No. 00516458961), Appellants admit that they were unaware of the applicable deadline here. Therefore, they could not have relied on the petition for rehearing as a basis for believing the deadline had been extended.

Appellee respectfully submits that the Court should first decide the fully briefed and pending motion for summary affirmance. ECF No. 23. If it grants Highland's summary affirmance, then the Court should deny Appellants' extension motion as moot. If the Court denies summary affirmance, however, then it should nevertheless deny Appellants' extension motion based on Appellants' inexcusable failure to meet their briefing deadline and dismiss the appeal.

### THE COURT SHOULD GRANT THE MOTION FOR SUMMARY AFFIRMANCE AND DENY THE MOTION TO EXTEND AS MOOT

Appellants' motion fails to mention the fully briefed motion for summary affirmance that is pending before the Court. *See* ECF Nos. 23, 24, and 26. That motion—which explains why there is no substantial question as to the outcome of this appeal—should be decided before Appellants are allowed to waste further judicial and party resources by proceeding with unnecessary merits briefing.

Notably, the Fifth Circuit in its Confirmation Opinion rejected every argument Appellants seek to raise on the merits in this Court. *NexPoint Advisors, L.P. v. Highland Capital Management, L.P. (In re Highland Capital Management, L.P.)*, No. 21-10449, 2022 WL 4093167 (5th Cir. Sept. 7, 2022). And Judge Starr has confirmed that the Fifth Circuit's decision precludes the very same collateral attacks on a final bankruptcy court order that Appellants are pursuing in this appeal. Mem. Order and Opinion, *The Charitable DAF Fund LP v. Highland Capital Management LP*, No. 3:21-cv-01974-X, ECF No. 49 (Sept. 28, 2022).

Thus, nothing warrants full-merits briefing. This Court should grant Highland's motion for summary affirmance and deny as moot Appellants' motion for an extension of time to file their opening brief.

### ALTERNATIVELY, THE COURT SHOULD DENY THE MOTION TO EXTEND ON THE MERITS

If the Court concludes that summary affirmance is not warranted, then Appellants' extension motion should be denied because Appellants cannot meet the standard of "excusable neglect" under the circumstances. Courts in this Circuit are not sympathetic to parties who miss deadlines:

> [I]n most cases, ***an attorney's simple misunderstanding of the Federal Rules 'weighs heavily against a finding of excusable neglect***.' . . . Our court has 'left open the possibility that some misinterpretations of the federal rules may qualify as excusable neglect,' but we have emphasized that 'such is the rare case indeed.' We have therefore held that a district court abused its discretion by granting an extension of time based on an attorney's misreading of a time limit set by the Federal Rules even when the district court had found that the intricacies of the Rule at issue were a 'trap for the unwary.'

*L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F. 4th 521, 525-26 (5th Cir. 2021) (internal quotations and citations omitted) (emphasis added).

This is not one of those rare cases. Here, there was nothing to misunderstand or misinterpret, and there was no "trap for the unwary." *Id*. Instead, Appellants

simply "overlooked" a court-ordered deadline that was *set at their own request*. That may be neglect, but it is not *excusable* neglect.[2]

Moreover, Appellants cannot satisfy the elements of the very legal standard they rely on. *See* Motion ¶ 16 (quoting *Salts v. Epps*, 676 F.3d 468, 474 (5th Cir. 2012)):

- Appellants contend that Appellee will suffer no prejudice if their motion is granted (Motion ¶18), but that is spurious: if the motion is granted, Appellee will be substantially prejudiced by the prospect of being forced to waste resources to brief an appeal that is based on arguments that both another district court judge and the court of appeals have concluded are meritless;

- Appellants suggest that they seek "only" a 7-day extension of time (Motion ¶19) but that is sophistry: more than four weeks after the deadline passed, Appellants have yet to present their opening brief, meaning that the extension effectively grows with each passing day; and

- Appellants contend that "overlooking a springing deadline" is a reasonable cause for delay (Motion ¶20), but they cite no precedent where any court has ever accepted such an excuse. That is not surprising: if merely "overlooking" court-ordered deadlines were an acceptable excuse, then there would be no purpose for courts to set them.

The Fifth Circuit instructs that when reviewing the "reason for the delay," courts should also inquire as to "whether [the reason] was within the reasonable control of the movant." *L.A. Pub. Ins. Adjusters*, 17 F. 4th at 525. Here, the

---

[2] Appellants offer no evidence in the form of an affidavit or declaration to support their motion. Instead, they merely make conclusory assertions in a pleading.

purported reason for the delay was solely and reasonably within Appellants' control: Appellants simply "overlooked" the deadline set forth in the order resolving Appellants' own motion.

In the end, there is no factual or evidentiary basis to grant Appellants' request for an extension. Under the relevant factors, it should be denied either as moot—based on the pending motion for summary affirmance—or for the failure to demonstrate excusable neglect.

## **CONCLUSION**

For the foregoing reasons, Appellee respectfully requests that the Court deny Appellants' motion for an extension of time to file their opening brief.

Dated: October 25, 2022

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No.143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910
Fax: (310) 201-0760

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward (TX Bar No. 24044908)
MHayward@HaywardFirm.com
Zachery Z. Annable (TX Bar No. 24053075)
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Suite 106
Dallas, TX 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Appellee*

## CERTIFICATE OF COMPLIANCE

1.  This document complies with the word limit of Fed. R. Bankr. P. 8013(f)(3)(C) because, excluding the portions excluded by Fed. R. Bankr. P. 8015(g), this document contains 1,128 words.

2.  This document complies with the typeface requirements of Fed. R. Bankr. P. 8015(a)(5) and the type-style requirements of Fed. R. Bankr. P. 8015(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word, typeface Times New Roman, 14-point type (12-point for footnotes).

>                               */s/ Zachery Z. Annable*
>                               Attorney for Appellee
>                               Dated: October 25, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2022, the foregoing document was electronically filed using the Court's CM/ECF system. I further certify that all participants in this case are registered CM/ECF users and that service will be accomplished via CM/ECF.

>                               */s/ Zachery Z. Annable*
>                               Attorney for Appellee