IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION
_____

No. 3:21-CV-01585-S
_____

**IN RE: HIGHLAND CAPITAL MANAGEMENT, L.P.,
DEBTOR.**

**THE CHARITABLE DAF FUND, L.P. AND CLO HOLDCO, LTD.,
APPELLANTS,**

v.

**HIGHLAND CAPITAL MANAGEMENT, L.P.,
APPELLEE.**
_____

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
BANKRUPTCY CASE NO. 19-34054 (SGJ)
_____

**APPELLANTS' REPLY IN SUPPORT OF MOTION
FOR EXTENSION OF TIME TO FILE OPENING BRIEF**
_____

Mazin A. Sbaiti
Jonathan Bridges
SBAITI & COMPANY PLLC
2200 Ross Avenue, Suite 4900W
Dallas, TX  75201
T: (214) 432-2899
F: (214) 853-4367                           *Counsel for Appellants*
MAS@sbaitilaw.com                           *The Charitable DAF Fund, L.P.*
JEB@sbaitilaw.com                           *and CLO Holdco, Lt*

## APPELLANTS' REPLY IN SUPPORT OF MOTION
## TO FILE EXTENSION OF TIME TO FILE OPENING BRIEF

Appellants The Charitable DAF Fund, L.P. and CLO Holdco, Ltd. submit this Reply in support of their Motion and would show the Court as follows:

1. Appellants in their Motion explained that their failure to timely file their opening brief was due to inadvertence and excusable neglect, not bad faith or improper motivation.

2. In the Opposition, Appellee appears to concede this, arguing nowhere that Appellants acted in bad faith or with bad motives but rather that their neglect should nonetheless be deemed inexcusable. Opposition at 3-4 [Doc. 31].

3. Appellee supports this argument with authority indicating that misinterpretation of the federal rules does not generally excuse a missed deadline. Opposition at 3. But Appellants have not alleged a misinterpretation of any rule.

4. The deadline Appellants missed was inherently difficult to calendar due to its "springing" nature, arising 14 days following an occurrence that ultimately took place approximately one year in the future.

5. Appellants do not seek to avoid blame for this error. They merely ask the Court to consider whether default is too severe a consequence in the present circumstances. The federal rules provide this Court with discretion to make this determination. And the applicable standard is excusable neglect. *See* Motion at 4

1

(citing *L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 524 (5th Cir. 2021); *Mattress Giant Corp. v. Motor Advert. & Design, Inc.*, No. 3:07-CV-1728, 2008 U.S. Dist. LEXIS 26486, at *5 (N.D. Tex. Mar. 31, 2008)).

6. Regarding the excusable-neglect factors, Appellee contends that it will suffer prejudice as a result of having to brief the merits of an appeal it believes is without merit. Opposition at 4. This is not the kind of consequence the law deems prejudicial. *See Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 122 (5th Cir. 2008) (citing *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000), to indicate that "delay, or requiring a plaintiff to prove his case does not constitute prejudice"); *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1356-57 (11th Cir. 2009) ("[T]he inquiry is whether prejudice results from the *delay*, not from having to continue to litigate the case.") (emphasis in original).

7. Neither will the necessity of briefing the merits be the result of the granting of this Motion. Appellee's Motion for Summary Affirmance [Doc. 23] tees up the issues Appellee raises here. It is fully briefed and may be decided before briefing on the merits in any case.

8. Appellee contends that the delay Appellants have caused is increasing by the day. This is of course true because of the nature of the relief sought. But the delay in total need not be more than a few weeks. And again, Appellee has not shown how it will be prejudiced by the delay.

9. Appellee contends that Appellants lack authority supporting the notion that a springing deadline is a reasonable cause for delay. But Appellants have made no such argument, and "reasonable cause" is not the applicable standard. The standard is "excusable neglect," which this Court has explained encompasses "late filings that were due to mistake, inadvertence or carelessness and not to bad faith.'" *Mattress Giant Corp.*, 2008 U.S. Dist. LEXIS 26486, at *5 (N.D. Tex. Mar. 31, 2008). As to the springing nature of the deadline, Appellants merely point it out because they believe it helps explain the role of inadvertence in their error.

10. Appellee contends that this delay was within the control of Appellants because Appellants are the ones who overlooked the deadline. This is unquestionably true in the same sense that inattention and carelessness are always within the control of an inattentive and careless party who has missed a deadline. More must be required, or else neglect could never be excusable under Rule 6(b).

11. And finally, Appellee contends that this Motion should be denied as moot as a result of the arguments set forth in Appellee's Motion for Summary Affirmance. But that motion should stand or fall based solely on the arguments made in the corresponding briefs. Unless it is ruled on first and granted, it is of no consequence here. Certainly, this Motion is not presently moot.

12. In sum, Appellants have argued that the general rule—that "mistake, inadvertence or carelessness" constitutes excusable neglect—should govern here.

*Mattress Giant Corp. v. Motor Advert. & Design, Inc.*, 2008 U.S. Dist. LEXIS 26486, at *5. Appellee's Opposition provides no reason to depart from the general rule. Appellants respectfully submit that their error is not so egregious that default should result and that this appeal should therefore be decided on the merits.

Dated: November 1, 2022       Respectfully submitted,

**SBAITI & COMPANY PLLC**

*/s/ Jonathan Bridges*
**Mazin A. Sbaiti**
Texas Bar No. 24058096
**Jonathan Bridges**
Texas Bar No. 24028835
2200 Ross Avenue – Suite 4900W
Dallas, TX  75201
T:  (214) 432-2899
F:  (214) 853-4367
E:  mas@sbaitilaw.com
     jeb@sbaitilaw.com

**Counsel for Appellants**

# **CERTIFICATE OF COMPLIANCE**

1.  This document complies with the word limit of Fed. R. Bankr. P. 8013(f)(3)(A) because, excluding the portions excluded by Fed. R. Bankr. P. 8015(g), this document contains 772 words

2.  This document complies with the typeface requirements of Fed. R. Bankr. P. 8015(a)(5) and the type-style requirements of Fed. R. Bankr. P. 8015(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2208, typeface Times New Roman, 14-point type (12-point for footnotes).

*/s/ Jonathan Bridges*
Jonathan Bridges

# **CERTIFICATE OF SERVICE**

I certify that on November 1, 2022, I caused a copy of the foregoing document to be served by Electronic Case Filing System for the United States District Court for the Northern District of Texas.

*/s/ Jonathan Bridges*
Jonathan Bridges