Case No. 3:21-cv-01585-S

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

In re: HIGHLAND CAPITAL MANAGEMENT, L.P.

    Debtor,

THE CHARITABLE DAF FUND, L.P., and
CLO HOLDCO, LTD.,

    Appellants

    v.

HIGHLAND CAPITAL MANAGEMENT, L.P.,

    Appellee

On Appeal from the United States Bankruptcy Court
for the Northern District of Texas, Case No. 19-34054-sgj11
Hon. Stacey G. C. Jernigan

## APPELLEE'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No.143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Jordan A. Kroop (NY Bar No. 2680882)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

Highland Capital Management, L.P., the reorganized debtor in the above-referenced bankruptcy case ("Highland"), hereby files this motion (the "Motion") for entry of an order, pursuant to Federal Rules of Bankruptcy Procedure 8003(a)(2) and 8018(a)(4), dismissing this Appeal due to Appellants' failure to prosecute.[1] In support of its Motion, Highland states as follows:

## PRELIMINARY STATEMENT[2]

This Appeal should be dismissed for failure of prosecution.

Appellants appeal the denial of their tardy Reconsideration Motion, which sought to modify the Appointment Order—an order entered on July 16, 2020—that appointed Seery as Highland's chief executive officer and chief restructuring officer and provided him with certain protections against frivolous litigation, including exculpation and the Appointment Gatekeeper.

On November 9, 2022, despite missing the First Deadline, this Court entered its Second Stay Order pursuant to which (a) this Appeal remained abated and administratively closed pending resolution of the Related Appeal, and (b) Appellants were directed to file their opening brief "on or before 14 days after a final mandate issues or the [Related Appeal] is otherwise resolved."

---

[1] Highland reserves the right to make all substantive arguments that the Court should dismiss this Appeal on grounds other than failure to prosecute, including on the ground that the Fifth Circuit determined—after this Appeal was commenced—that the Appointment Order was a "final" order not subject to collateral attack.

[2] Capitalized terms not otherwise defined in this Preliminary Statement have the meanings ascribed to them below.

On June 26, 2024, the Bankruptcy Court approved a Final Stipulation that "finally resolv[ed] all litigation" concerning the Related Appeal and was signed on behalf of Appellants and their counsel (who were parties to the Related Appeal and the Final Stipulation in their personal capacities). Consequently, pursuant to the Second Stay Order, Appellants' deadline for filing their opening brief in this Appeal was July 10, 2024, more than six months ago.

As they did with the First Deadline, Appellants missed the Second Deadline and have never filed their opening brief or otherwise taken any steps to prosecute this Appeal. There can be no credible claim of excusable neglect since Appellants and their counsel were parties to the Final Stipulation that triggered the Second Deadline. Therefore, the Appeal should be dismissed for lack of prosecution.

The continued pendency of the Appeal is prejudicial to Highland and Seery because it purports to create uncertainty regarding protections granted to him (and for which he is indemnified by Highland) years ago without objection.

Under the circumstances, the Court should exercise its discretion under Federal Rules of Bankruptcy Procedure 8003(a)(2) and 8018(a)(4) and dismiss this frivolous appeal for (again) missing this Court's deadline and otherwise failing to prosecute this Appeal.

# FACTUAL OVERVIEW

## A. Background to the Appointment Order and This Appeal

On July 16, 2020, the Bankruptcy Court entered an *Order Approving Debtor's Motion under Bankruptcy Code Sections 105(a) and 363(b) Authorizing Retention of James P. Seery, Jr., as Chief Executive Officer, Chief Restructuring Officer, and Foreign Representative Nunc Pro Tunc to March 15, 2020* [Bankr. Docket No. 854] (the "Appointment Order"), pursuant to which James P. Seery, Jr. ("Seery"), then a court-appointed independent director of Highland, was also appointed Highland's chief executive officer and chief restructuring officer. The Appointment Order contained an exculpation provision and a "gatekeeper" provision (the "Appointment Gatekeeper") requiring any party seeking to sue Seery to obtain the Bankruptcy Court's[3] prior approval. ***Neither the Appellants nor any other party objected to the underlying motion or appealed the Appointment Order***.[4]

On February 22, 2021, the Bankruptcy Court entered an *Order Confirming the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified) and (ii) Granting Related Relief* [Bankr. Docket No. 1943] (the

---

[3] "Bankruptcy Court" means the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, which is overseeing Highland's bankruptcy case.

[4] The exculpation and gatekeeper provisions in the Appointment Order are nearly identical to provisions included in a January 2020 Bankruptcy Court order approving a corporate governance settlement agreement among Highland, the Official Committee of Unsecured Creditors, and James Dondero pursuant to which an independent board (including Seery) replaced Dondero as Highland's control party and estate fiduciary; likewise an order to which Appellants did not object. *See* Bankr. Docket No. 339 ¶ 10 (the "Original Gatekeeper").

"Confirmation Order"), which confirmed the *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* (the "Plan").[5] The Plan included, among other things, a separate "gatekeeper" provision (the "Plan Gatekeeper").

On April 27, 2021, Highland moved to hold Appellants and their law firm (Sbaiti & Co., counsel to Appellants) in contempt of court for violating the Gatekeeper Orders[6] [Bankr. Docket No. 2247] (the "Contempt Motion").

Appellants objected to the Contempt Motion and, with an appeal of the Confirmation Order (the "Confirmation Appeal") pending in the United States Court of Appeals for the Fifth Circuit (the "Fifth Circuit"), moved to modify the Appointment Order (the "Reconsideration Motion"), even though that Order became "final" more than nine months earlier. In their Reconsideration Motion, Appellants asserted that the Bankruptcy Court lacked jurisdiction to enter the Appointment Order and otherwise sought to invalidate the Appointment Gatekeeper.

On June 29, 2021, the Bankruptcy Court entered an order denying the Reconsideration Motion [Bankr. Docket No. 2506] (the "Reconsideration Order"), and Appellants appealed to this Court (the "Appeal").[7]

---

[5] The Plan became effective on August 11, 2021.

[6] The "Gatekeeper Orders" include, collectively, (a) the Original Gatekeeper, (b) the Appointment Gatekeeper, and (c) the Plan Gatekeeper.

[7] Several weeks later, following an evidentiary hearing, the Bankruptcy Court entered an order (the "Contempt Order") granting the Contempt Motion. *In re Highland Cap. Mgmt., L.P.*, 2021 Bankr. LEXIS 2074 (Bankr. N. D. Tex. Aug, 3, 2021). Appellants appealed to the District Court (Case No. 3:21-cv-01974-X) and, after the District Court affirmed, to the Fifth Circuit (Case No.

B.     **The Stays, the Missed Deadlines, and the Failure to Prosecute**

On October 6, 2021, this Court (a) abated this Appeal pending the outcome of the Confirmation Appeal, and (b) granted Appellants' motion for an extension of time, directing Appellants to file their opening merits brief "within **14 days** of the Fifth Circuit's disposition" of the Confirmation Appeal (the "First Deadline"). [Docket No. 19] (emphasis in original).

On September 7, 2022, the Fifth Circuit decided the Confirmation Appeal. Among other things, ***the Fifth Circuit determined that the Appointment Order (as well as the Original Gatekeeper) was a "final" order not subject to collateral attack***:

> We lack jurisdiction to consider collateral attacks on final bankruptcy orders even when it concerns whether the court properly exercised jurisdiction or authority at the time. To the extent Appellants [different Dondero controlled entities] seek to roll back the protections in the bankruptcy court's [Original Gatekeeper and Appointment Order]…, such a collateral attack is precluded.[8]

Based on that determination, Highland moved for summary affirmance of the Reconsideration Order. [Docket No. 23]. Appellants opposed that motion [Docket No. 24] and, on October 5, 2022, moved to "reopen" the Appeal and for the establishment of a "briefing schedule," [Docket No. 25]. Highland opposed

---

22-11036) (the appellate proceedings concerning the Contempt Order are collectively referred to as the "Related Appeal").

[8] *NexPoint Advisors, L.P. v. Highland Cap. Mgmt., L.P. (In re Highland Cap. Mgmt., L.P.)*, 48 F.4th 419, 438 n.15 (5th Cir. 2022) (internal citations omitted).

Appellants' motion on the ground that, among others, Appellants missed the First Deadline. On October 18, 2022, Appellants belatedly sought a retroactive extension of the First Deadline. [Docket No. 29].

On November 9, 2022, this Court entered an order [Docket No. 34] (the "Second Stay Order") (a) further abating this Appeal pending resolution of the Related Appeal, and (b) directing Appellants to "file their opening brief on or before 14 days after a final mandate issues or the [Related Appeal] is otherwise resolved." (the "Second Deadline").

On April 26, 2024, the Fifth Circuit vacated the Contempt Order and remanded to the Bankruptcy Court for further proceedings concerning the monetary sanction to be awarded. The parties—including Appellants and their counsel—thereafter entered a stipulation "fully and finally" resolving the Related Appeal (the "Final Stipulation"). On June 26, 2024, the Bankruptcy Court entered an order approving the Final Stipulation. [Bankr. Docket No. 4107].

***Since the Related Appeal was "fully and finally" resolved—with the knowledge and consent of Appellants and their counsel—on June 26, 2024, the Second Deadline was July 10, 2024, pursuant to the Second Stay Order.***

Despite the passage of the Second Deadline more than six months ago, Appellants have failed to file their opening brief or take any other steps to prosecute this Appeal as required by the Second Stay Order. Appellants' failure to comply with

the Second Deadline is inexcusable since (a) Appellants were parties to the Final Stipulation and therefore indisputably had notice of the resolution of the Related Appeal, and (b) had already missed the First Deadline.

Moreover, as a result of the Fifth Circuit's determination that the Appointment Order was a "final" order not subject to collateral attack (a determination made after this Appeal was commenced), Highland and Seery have been and continue to be prejudiced by the pendency of this Appeal because it creates theoretical uncertainty where none should exist given that the Appointment Order became final *more than four and a half years ago*.

## CONCLUSION

WHEREFORE, Highland respectfully requests that the Court (i) grant the Motion, (ii) dismiss this Appeal for failure to prosecute, and (iii) grant such other and further relief as the Court deems just and proper.

January 15, 2025

Respectfully submitted,

**PACHULSKI STANG ZIEHL & JONES LLP**
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Jordan A. Kroop (NY Bar No. 2680882)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Email:  jpomerantz@pszjlaw.com
    jmorris@pszjlaw.com
    gdemo@pszjlaw.com
    jkroop@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Email:  MHayward@HaywardFirm.com
    ZAnnable@HaywardFirm.com

*Counsel for Highland Capital Management, L.P.*

## CERTIFICATE OF COMPLIANCE

1.   This document complies with the word limit of Fed. R. Bankr. P. 8013(f)(3)(A) because, excluding the portions excluded by Fed. R. Bankr. P. 8015(g), this document contains 1,577 words.

2.   This document complies with the typeface requirements of Fed. R. Bankr. P. 8015(a)(5) and the type-style requirements of Fed. R. Bankr. P. 8015(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word, typeface Times New Roman, 14-point type (12-point for footnotes).

*/s/ Zachery Z. Annable*
Zachery Z. Annable

## CERTIFICATE OF SERVICE

I hereby certify that, on January 15, 2025, a true and correct copy of the foregoing Motion was served electronically upon all parties registered to receive electronic notice in this case via the Court's CM/ECF system.

*/s/ Zachery Z. Annable*
Zachery Z. Annable